UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **GLENN FORD** | * | **CIVIL ACTION NO.  15-0544** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS** |
| **CADDO PARISH DISTRICT ATTORNEY'S OFFICE, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## ORDER

On March 31, 2015, the court granted the City of Shreveport's motion for leave to conduct expedited discovery for inmate records, and ordered the State of Louisiana, Department of Corrections, to produce to counsel for the City of Shreveport the following records,

    a)    any inmate file maintained regarding Mr. Ford;

    b)    any "kite" communications concerning Mr. Ford;

    c)    any administrative relief request documents regarding Mr. Ford;

    d)    any medical/mental health records file maintained regarding Mr. Ford; and

    e)    any disciplinary records regarding Mr. Ford.

*See* doc. #s 15 & 27.

This morning, the court received correspondence from Mr. Joseph Woodley, counsel for the City of Shreveport, stating that he had received a four inch-high stack of responsive documents from the State, including a subset of documents marked "confidential." Counsel attached the "confidential" documents to his letter for the court's in camera review.

State law provides that

> [w]henever records covered by this Section are subpoenaed, the records shall be submitted to the appropriate court for a ruling as to whether the information should be turned over to the party who caused the subpoena to

be issued. The court shall make this determination in camera. Should the court find:

    (a)    That the information is not relevant to the proceedings, or

    (b)    That the information was derived from communications which were obviously made in the confidence that they would not be disclosed, or

    (c)    That confidentiality is essential to future useful relations between the source and the recorder of the information,

the information shall be withheld.

La. R. S. § 15:574.12(F)(1).

Furthermore, under Rule 26(b),

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence . . .

Fed.R.Civ.P. 26(b)(1).

The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). Ultimately, the relevance inquiry ends where it starts; i.e., the relevancy of a discovery request depends upon whether it is "reasonably calculated" to lead to admissible evidence. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004).

    Applying the foregoing considerations here, the court notes that there are 71 pages of

documents marked "confidential," roughly divided into five categories:

1) Victim Family Notification (regarding plaintiff's release from prison) (8 pages)

2) Prison Unusual Occurrence Reports (11 pages);

3) Plaintiff's Criminal History (15 pages);

4) Capital Sentencing Report (May 6, 1985) (20 pages);

5) Prison Risk Needs Assessments and Mental Health Service Codes (17 pages).

Upon review, the court finds that the documents in Category No. 1 contain victim addresses, and are not relevant to the instant proceeding. Furthermore, although the remaining categories of documents include some sensitive background and health information of plaintiff, the potential relevancy of the material outweighs these concerns given the nature of plaintiff's claims. Accordingly,

IT IS ORDERED that the Clerk of Court file the Category No. 1 documents in the record under seal.

IT IS FURTHER ORDERED that the Clerk of Court forward the Category 2-5 documents to Mr. Joseph Woodley, counsel for the City of Shreveport. Counsel may use these documents for the limited purposes of this case, but otherwise, shall maintain their confidentiality.

In Chambers, at Monroe, Louisiana, this 13th day of April 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE