UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **GLENN FORD** | * | **CIVIL ACTION NO. 15-0544** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS** |
| **CADDO PARISH DISTRICT ATTORNEY'S OFFICE, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

**ORDER**

Before the undersigned magistrate judge, on reference from the District Court, are two motions to stay discovery [doc. #s 136 & 137] filed by numerous defendants. By these motions, defendants seek an order staying discovery until the court resolves pending motions to dismiss. The motions are opposed. [doc. # 141]. For reasons assigned below, the motions are GRANTED.[1]

**Background**

Glenn Ford (now deceased) filed the instant suit on March 9, 2015. Pending before the District Court are three motions to dismiss filed by various defendants pursuant to Rules 12(b)(6) and/or 12(c) [doc. #s 105, 121, & 134]. The motions seek dismissal of plaintiff's claims on myriad grounds, including defenses of absolute and qualified immunity.

On March 9, 2016, plaintiff's counsel conveyed to defense counsel his renewed interest in proceeding with discovery. (March 9, 2016, Letter from S. Heppell to J. Rabalais and E. Byrd;

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Pl. Opp. Brief, Exhs.). Within the week, the law enforcement defendants filed a new Rule 12 motion to dismiss, despite having answered the amended complaint previously. (Answer [doc. # 97]). Thereafter, defense counsel took the position that discovery should not proceed until the court decided the pending Rule 12 motions. (March 22, 2016, Letter from S. Heppell to J. Rabalais and E. Byrd; Pl Opp. Brief, Exhs.). Plaintiff disagreed. Accordingly, defendants filed the instant motions to stay discovery on March 24, 2016. Plaintiff filed her response on April 7, 2016. Defendants filed their replies on April 18, 2016. [doc. #s 147 & 149]. The matter is ripe.

## Analysis

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that,

[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(A)** forbidding the disclosure or discovery;
Fed.R.Civ.P. 26(c).

Furthermore, courts enjoy discretionary authority to stay proceedings "in the interest of justice and in control of their dockets." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). The court's discretion is not limitless, however. *Id*. In deciding whether to grant a stay, the courts "must weigh competing interests and maintain an even balance." *Id*. (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 165-66 (1936)). Therefore, the court's decision to grant a stay should contemplate the following factors, "1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a

stay is granted; and 3) judicial economy." *Falgoust v. Microsoft Corp.*, 2000 WL 462919 (E.D. La. Apr. 19, 2000) (citations omitted).

Nevertheless, when, as here, one or more defendants pleads qualified or absolute immunity, "even limited discovery on the issue of immunity is not appropriate until the district court first determines that the plaintiff's pleadings assert facts, which, if true, would overcome the defense." *Kastner v. Lawrence*, 390 Fed. Appx. 311, 316, 2010 WL 3023304, 3 (5th Cir. July 23, 2010) (internal quotation marks and citation omitted). Until the threshold issue of qualified immunity is resolved, discovery should not be allowed. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727 (1982)). Indeed, plaintiff is "not entitled to discovery, cabined or otherwise," where, as urged here, her complaint proves deficient under Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1954 (2009).

Plaintiff acknowledges the court's discretion to stay discovery, but urges three reasons why a stay is inappropriate: 1) the issues raised in defendants' motion to dismiss are issues of fact, not issues of law; 2) the City of Shreveport did not join in any of the motions to dismiss; and 3) the latest motion to dismiss is untimely. In support of her first proposition, plaintiff cites *Smith v. Potter*, 400 Fed. Appx. 806, 813 (5th Cir. 2010). In *Smith*, however, the court dismissed plaintiff's claims for lack of subject matter jurisdiction or on summary judgment, not for failure to state a claim upon which relief can be granted. This stands to reason because after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Iqbal, supra*, plaintiffs must allege sufficient facts in their complaint to state a plausible claim for relief *before* the doors of discovery will be unlocked. *Iqbal*, 556 U.S. at 678.

Furthermore, the fact that the City of Shreveport may remain in the case no matter the

3

outcome of the pending motions does not impact the analysis. The Supreme Court remarked in

*Iqbal*, that

> [i]t is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal, supra*.

As to the timeliness of defendants' motion to dismiss, the court notes that,

> [e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Fed.R.Civ.P. 12(g)(2).

However, Rule 12(h)(2) permits a party to assert a defense for failure to state a claim upon which relief can be granted in any pleading permitted under Rule 7(a), or via a Rule 12(c) motion for judgment on the pleadings. Fed.R.Civ.P. 12(h)(2). Moreover, a party does not waive a defense by failing to assert it in a 12(b)(6) motion. *See* Fed.R.Civ.P. 12(h)(1) (addressing waiver of defenses, but conspicuously omitting 12(b)(6) motions); *see also PHI, Inc. v. Office & Professional Employees Int.'l Union*, 2010 WL 3034712, *2 (W. D. La. July 30, 2010) (Doherty, J.). Thus, the law enforcement defendants' motion to dismiss is properly before the court.[2]

Finally, plaintiff argues that a discovery stay will prejudice her case because witnesses and parties will continue to age and suffer infirmities. However, plaintiff has not shown that the health of any particular defendant is precarious. Moreover, she remains free to interview non-

---

[2] Certainly, appropriate remedies remain available to the District Court if it determines that the motion to dismiss was filed for purposes of unnecessary delay and/or otherwise advanced arguments not supported by existing law or by a good-faith argument for an extension of change in existing law. Fed.R.Civ.P. 11.

party witnesses. In addition, the court does not envision that a short discovery delay will materially impact the parties' ability to recover events from 30 years ago. If someone can recall a particular fact at this point, it has been imprinted in their long-term memory, and therefore, is unlikely to be forgotten between now and when their deposition is taken.

## Conclusion

For these reasons,

IT IS ORDERED that defendants' motions to stay discovery [doc. #s 136 & 137] until such time as the district court resolves the pending motions to dismiss, is hereby GRANTED. Fed.R.Civ.P. 26(c).

In Chambers, at Monroe, Louisiana, this 3rd day of May 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE