**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

GLENN FORD, ET AL.                    CIVIL ACTION NO. 15-0544

VERSUS                                JUDGE S. MAURICE HICKS, JR.

CADDO PARISH, ET AL.                  MAGISTRATE JUDGE KAREN HAYES

**ORDER**

Before this Court is a Rule 12(b)(6) Motion to Dismiss (Record Document 134) filed by Defendants, Don Ashley, Gary Alderman, Gary Pittman, Everett Rushing, Billy Lockwood, Frank Datcher, Glynn Mitchell, and Rodney Price. These Defendants are former members of the Shreveport Police Department and will be collectively referred to as Law Enforcement Defendants. The Law Enforcement Defendants seek dismissal of Plaintiff Andrea Armstrong's ("Armstrong") claims set forth against them in her First Amended Complaint (Record Document 86). More specifically, the Law Enforcement Defendants seek dismissal of federal constitutional claims under 42 U.S.C. § 1983 asserted against them in their individual capacities.

After a review of the instant motion, the Court hereby **DENIES** the Law Enforcement Defendants' Rule 12(b)(6) Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(b) "every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Moreover, the Fifth Circuit has recognized that a post-answer motion to dismiss is "untimely." See Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999). In the present action, the Law Enforcement Defendants filed their Answer to Armstrong's Complaint on December 3, 2015. See Record Document 97. The Law Enforcement Defendants filed the present Motion to Dismiss on March 16, 2016. See Record Document 134. Therefore, the Motion is untimely. Moreover, the Court

declines to treat the present Motion as a Rule 12(c) Motion because there are material facts in dispute and at this stage of the litigation, the Law Enforcement Defendants are not entitled to judgment as a matter of law. Lastly, the Court rejects the Law Enforcement Defendants' alternative argument that Armstrong should be required to submit a Rule 7(a) Reply to Defendants' affirmative defense of qualified immunity because the Court at this stage must take all the factual allegations in Armstrong's Amended Complaint as true and deems Armstrong has sufficiently pled detailed factual allegations. Accordingly, the Law Enforcement Defendants' Rule 12(b)(6) Motion to Dismiss is **DENIED** as untimely; thus, discovery may proceed.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this 28th day of December, 2017.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT