**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| GLENN FORD, ET AL. | CIVIL ACTION NO. 15-0544 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CADDO PARISH, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court are pending motions for judgment on the pleadings filed by Defendants Don Ashley ("Ashley"), Gary Alderman ("Alderman"), Gary Pittman ("Pittman"), Everett T. Rushing ("Rushing"), Billy Lockwood ("Lockwood"), Frank Datcher ("Datcher"), Glynn Mitchell ("Mitchell"), Rodney Price ("Price") (collectively "the Law Enforcement Defendants"), and City of Shreveport (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 12(c). See Record Documents 194 and 196. Plaintiff Andrea Armstrong ("Plaintiff") opposes the motions. See Record Document 202.

Previously in this matter, the Law Enforcement Defendants filed a Rule 12(b)(6) motion that also sought, in the alternative, that the Court order Plaintiff to file a Rule 7(a) reply. See Record Document 134. This Court subsequently denied said motion for being untimely and further denied the alternative relief under Rule 7(a). See Record Document 158. The Law Enforcement Defendants appealed the Court's denial of their Rule 12(b)(6) motion on January 23, 2018. See Record Document 165. On March 11, 2019, the Fifth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction, finding that the Court's order did not make an appealable final decision on qualified immunity and that the Law Enforcement Defendants could reassert their qualified immunity defense through

another motion, see Record Document 178 at 6, which the Law Enforcement Defendants then accomplished via their instant Rule 12(c) motion.

After further consideration of the record and the parties' recent filings, the Court finds that a Rule 7(a) reply is warranted before ruling on the merits as to the Law Enforcement Defendants' assertion of qualified immunity. Under Fifth Circuit precedent, when faced with a complaint consisting of vague or conclusory allegations against a defendant who raises a qualified immunity defense, the Court should first order the plaintiff to file a Rule 7(a) reply that is tailored to specifically address the defendant's assertion of qualified immunity. See, e.g., Floyd v. City of Kenner, La., 351 Fed. App'x 890, 893 (5th Cir. 2009) (citing Schultea v. Wood, 47 F.3d 1427, 1433–34 (5th Cir. 1995) (en banc)); see also Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999) ("Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist.").

In the First Amended Complaint, Plaintiff alleges that the Law Enforcement Defendants suppressed and withheld exculpatory evidence, fabricated false witness statements, and other violations. See Record Document 86 at 9–14. However, while the First Amended Complaint alleges some factual detail regarding the actions of Defendants Ashley, Alderman, and Lockwood, it contains absolutely no allegations of unlawful conduct by the other remaining Law Enforcement Defendants. Instead, in an effort to impose liability on these specific Defendants, Plaintiff asserts that including them in the defined term of "Law Enforcement Defendants" is sufficient and is merely a "choice of

another motion, see Record Document 178 at 6, which the Law Enforcement Defendants then accomplished via their instant Rule 12(c) motion.

After further consideration of the record and the parties' recent filings, the Court finds that a Rule 7(a) reply is warranted before ruling on the merits as to the Law Enforcement Defendants' assertion of qualified immunity. Under Fifth Circuit precedent, when faced with a complaint consisting of vague or conclusory allegations against a defendant who raises a qualified immunity defense, the Court should first order the plaintiff to file a Rule 7(a) reply that is tailored to specifically address the defendant's assertion of qualified immunity. See, e.g., Floyd v. City of Kenner, La., 351 Fed. App'x 890, 893 (5th Cir. 2009) (citing Schultea v. Wood, 47 F.3d 1427, 1433–34 (5th Cir. 1995) (en banc)); see also Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999) ("Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist.").

In the First Amended Complaint, Plaintiff alleges that the Law Enforcement Defendants suppressed and withheld exculpatory evidence, fabricated false witness statements, and other violations. See Record Document 86 at 9–14. However, while the First Amended Complaint alleges some factual detail regarding the actions of Defendants Ashley, Alderman, and Lockwood, it contains absolutely no allegations of unlawful conduct by the other remaining Law Enforcement Defendants. Instead, in an effort to impose liability on these specific Defendants, Plaintiff asserts that including them in the defined term of "Law Enforcement Defendants" is sufficient and is merely a "choice of

another motion, see Record Document 178 at 6, which the Law Enforcement Defendants then accomplished via their instant Rule 12(c) motion.

After further consideration of the record and the parties' recent filings, the Court finds that a Rule 7(a) reply is warranted before ruling on the merits as to the Law Enforcement Defendants' assertion of qualified immunity. Under Fifth Circuit precedent, when faced with a complaint consisting of vague or conclusory allegations against a defendant who raises a qualified immunity defense, the Court should first order the plaintiff to file a Rule 7(a) reply that is tailored to specifically address the defendant's assertion of qualified immunity. See, e.g., Floyd v. City of Kenner, La., 351 Fed. App'x 890, 893 (5th Cir. 2009) (citing Schultea v. Wood, 47 F.3d 1427, 1433–34 (5th Cir. 1995) (en banc)); see also Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999) ("Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist.").

In the First Amended Complaint, Plaintiff alleges that the Law Enforcement Defendants suppressed and withheld exculpatory evidence, fabricated false witness statements, and other violations. See Record Document 86 at 9–14. However, while the First Amended Complaint alleges some factual detail regarding the actions of Defendants Ashley, Alderman, and Lockwood, it contains absolutely no allegations of unlawful conduct by the other remaining Law Enforcement Defendants. Instead, in an effort to impose liability on these specific Defendants, Plaintiff asserts that including them in the defined term of "Law Enforcement Defendants" is sufficient and is merely a "choice of

formatting." Record Document 202 at 45–47.[1] The Court disagrees. Plaintiff's conclusory allegations of collective action that "all group members acted with sufficient personal involvement, in factually similar ways, to subject themselves to liability" fail to satisfy even the notice pleading standard. Id. at 46 n.13.[2]

Therefore, the Court orders Plaintiff to file a Rule 7(a) reply that is "tailored to the assertion of qualified immunity and fairly engage[s] its allegations." Schultea, 47 F.3d at 1433. In doing so, Plaintiff must allege facts "focusing specifically on the conduct" of the individual Defendant in question which, if proven, would demonstrate that the Defendant had violated a clearly established constitutional or statutory right. See Reyes, 168 F.3d at 161; see also Top Dollar Pawn, Gun & Car Audio v. Caddo Parish, No. 12-0577, 2013 WL 1069044, at *1 (W.D. La. Mar. 14, 2013) ("[P]ersonal involvement is an essential element of a civil rights cause of action.") (quotations omitted).[3] As this reply may have bearing on the arguments raised by the parties regarding the instant motions, the Court finds that Defendants' Motions for Judgment on the Pleadings should presently be denied

---

[1] Additionally, on January 9, 2018, the Court issued a Notice of Intent to Dismiss for Failure to Prosecute regarding Defendants "Police Does 1-10" and "ABC Insurance Companies," which Plaintiff named in the First Amended Complaint. See Record Document 161. Because Plaintiff has failed to take appropriate action, see Record Document 164, Plaintiff's claims against Defendants Police Does 1-10 and ABC Insurance Companies are hereby **DISMISSED WITH PREJUDICE**.

[2] See Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 1949 (2009) ("[A] [§ 1983] plaintiff must plead that each []official defendant, through the official's own individual actions, has violated the Constitution.") (emphasis added); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966 (2007) (noting that a "naked assertion of conspiracy . . . without some further factual enhancement" is generally insufficient).

[3] The Court also notes a further deficiency as to Plaintiff's allegations regarding its suppression claims. While Plaintiff concedes that the relevant inquiry is whether the Law Enforcement Defendants withheld evidence from the prosecution, see Record Document 202 at 39; see also Mowbray v. Cameron Cty., Tex., 274 F.3d 269, 278 n.5 (5th Cir. 2001), Plaintiff fails to make said allegation for the majority of its suppression claims.

without prejudice, thereby allowing Defendants to resubmit the motions after Plaintiff files its Rule 7(a) reply.

Accordingly, based on the foregoing reasons,

**IT IS ORDERED** that the Law Enforcement Defendants' Motion for Judgment on the Pleadings (Record Document 194) and Defendant City of Shreveport's Motion for Judgment on the Pleadings (Record Document 196) are hereby **DENIED WITHOUT PREJUDICE**. Defendants may resubmit the motions after Plaintiff files its Rule 7(a) reply.

**IT IS FURTHER ORDERED** that Plaintiff file a Rule 7(a) reply pursuant to this Court's order on or before May 15, 2020.

**IT IS FURTHER ORDERED** that the stay previously entered in this matter shall be continued without date.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Police Does 1-10 and ABC Insurance Companies are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of April, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT